UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 10-5-DLB

UNITED STATES OF AMERICA                                           PLAINTIFF

vs.            **MEMORANDUM OPINION & ORDER**

KEITH HOLLINGSWORTH                                                DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.   Introduction**

This matter is pending for consideration of Defendant's in limine motion to exclude certain Rule 404(b) evidence from being offered by the government during trial. (Doc. # 30). Having considered the Defendant's motion, the government's response, and the parties' respective arguments during the August 19, 2010, pretrial conference, the Court denies the relief requested.

Defendant Hollingsworth is charged in a two-count superseding indictment with knowingly engaging and attempting to engage in sexual acts with a former inmate, V.T., who was at the time in official detention at the Carter County Detention Center (CCDC) and under the custodial, supervisory, and disciplinary authority of him, in violation of 18 U.S.C. § 2243(b). (Doc. #18). Count One is a felony and alleges conduct which occurred on December 16, 2005. Count Two is a misdemeanor and alleges that on or about June 15,

1

2007, Defendant Hollingsworth violated 18 U.S.C. § 242, in that he, under color of law, deprived the victim, H.J., of a right protected by the Constitution of the United States. More specifically, Count Two alleges that Hollingsworth willfully subjected H.J. to a sexual act without her consent, as defined by 18 U.S.C. § 2246(2)©, and did thereby deprive H.J. of rights protected and secured by the Eighth and Fourteenth Amendments of the Constitution of the United States, that is the right not to be subjected to cruel and unusual punishment and the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity, all in violation of 18 U.S.C. § 242.

## II.  Evidence Sought to be Excluded

In his motion, Hollingsworth seeks an order excluding the testimony of several other former inmates at the Carter County Detention Center as well as the case agent[1] on the ground that the testimony is improper evidence under Federal Rule of Evidence 404(b). Throughout his motion, Defendant submits that the testimony is inadmissible because the government cannot establish a time frame within which the alleged uncharged misconduct occurred.

According to the government, each witness, if permitted to testify, will testify to certain acts they observed Defendant commit during the same general time frame charged in the indictment (between December 2005 and June 2007). Within its sealed response, the government has underlined expected testimony which it acknowledges constitutes 404(b) evidence. Although each of the former inmates will testify to slightly different acts

---

[1] During the August 19, 2010 pretrial conference, there was no mention of the case agent providing 404(b) testimony at trial. Therefore, to the extent Defendant seeks exclusion of that 404(b) testimony, that motion is denied as moot.

2

committed by Defendant, the government asserts that some of the testimony is not Rule 404(b) evidence, rather, it is evidence that is inextricably intertwined with the charged conduct or is proper background evidence. To the extent that the government acknowledges that some of the testimony falls under the purview of Rule 404(b), it argues that such testimony is admissible under that rule to prove a pattern of conduct, and to establish motive, intent, and plan.

### III. Applicable Law

Proper background evidence, also known as "res gestae" evidence, has a causal, temporal, or spatial connection with the charged offenses and includes evidence that: (1) is a prelude to the charged offense, (2) is directly probative of the charged offense, (3) arises from the same events as the charged offense, (4) forms an integral part of the witness's testimony, or (5) completes the story of the charged offense. *United States v. Martinez*, 430 F.3d 317, 335 (6th Cir. 2005) (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

The Sixth Circuit Court of Appeals has explained the distinction between acts that are intrinsic to the offenses charged, and thus not subject to Rule404(b), and extrinsic "other acts," which are subject to the rule:

> [w]hen the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts, on the other hand, are those that are part of a single criminal episode. Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity. When that circumstance applies, the government has no duty to disclose the other crimes or wrongs evidence.

*United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

Background evidence includes "those other acts [that] are inextricably intertwined

3

with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *Hardy*, 228 F.3d at 748. However, the Sixth Circuit cautions that:

> rather than providing unfettered rein, the definition of background or res gestae evidence ... imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense. Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints.

*Hardy*, 228 F.3d at 749.

In addition, the Sixth Circuit has held that evidence which constitutes "a continuing pattern of illegal activity" is not considered an "other act" and, therefore, is not governed by Rule 404(b). *See United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000). The res gestae exception is often applied in conspiracy cases. *United States v. Rice*, 90 F. App'x 921, 924 (6th Cir. 2004) (unpublished). For example, in *Buchanan*, the defendant was charged with participation in a drug conspiracy stretching from 1990 to 1997. During trial, the district court admitted evidence that the defendant sold drugs to an informant in 1994 and that police had seized drugs from him in 1990. The Sixth Circuit held that Rule 404(b) did not apply because the evidence showed a continuing pattern of illegal activity associated with the charged drug conspiracy. *Buchanan*, 213 F.3da t 311. By contrast, in *Hardy*, the Sixth Circuit held that drug transactions carried out by the defendant and an alleged co-conspirator six years before the charged conspiracy began could not be admitted as background evidence, because this evidence lacked a close enough connection to the charged events. *Hardy*, 228 F.3d at 749–51.

With respect to the evidence sought to be excluded by Defendant herein, during the

August 19, 2010, pretrial conference, the government provided the Court with the approximate time frames within which Defendant Hollingsworth either exchanged cigarettes for various sexual favors from the inmates (per the testimony of inmates C.R., M.S., and J.R.), or propositioned other inmates (per the testimony of inmates M.S., A.R., and J.R.). Although the conduct occurred both before and after the allegations in Counts 1 and 2, the Court is satisfied that the proffered Rule 404(b) evidence occurred close in time with the underlying criminal conduct charged in both Counts. Thus, the government is able to establish a close "temporal connection" between the evidence and the charged offense. *Hardy*, 228 F.3d at 748. Additionally, the Court is further satisfied that there is a causal connection between the proffered Rule 404(b) evidence and the charged offenses.

Likewise, the evidence the United States seeks to offer is relevant because it will have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. See Fed. R. Evid. 401. Here, a portion of the challenged evidence as described by the government is probative of the offenses charged, appears to form an integral part of the witnesses' testimony, and completes the story of the offenses charged. In short, the Court concludes that a portion of the evidence the United States seeks to introduce is proper background evidence that is inextricably intertwined with the charged conduct.

In addition to the conclusion that some of the evidence is admissible as proper background evidence, for the reasons set forth herein, the Court also concludes that the balance of the proffered evidence is admissible pursuant to Federal Rule of Evidence 404(b). Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of *motive*, opportunity, *intent*, preparation, *plan*, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it tends to introduce at trial.

Fed. R. Evid. 404(b).

Rule 404(b) "'is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified.'" *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989) (quoting *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985)). Moreover, it is well-settled within the Sixth Circuit that acts prior and subsequent to the offenses charged are admissible pursuant to Rule 404(b). *See United States v. Perry*, 438 F.3d 642, 647 n.2 (6th Cir. 2006) (citing *United States v. Pollard*, 778 F.2d 1177, 1179-80 (6th Cir. 1985)).

Other act evidence is admissible under Rule 404(b) if –

(1) there is sufficient evidence that the other act in question actually occurred;

(2) the evidence of the other act is probative of a material issue other than character; and

(3) the probative value of the evidence is not substantially outweighed by its potential prejudicial effect.

*United States v. Bartholomew*, 310 F.3d 912, 921-922 (6th Cir. 2002) (citation omitted).

Thus, when confronted with Rule 404(b) evidence, districts courts are required to determine whether the act sought to be admitted as 404(b) evidence occurred, whether the purpose for admitting the evidence is one of the permissible purposes set forth in Rule 404(b), and whether the probative value of the evidence is substantially outweighed by the

6

danger of unfair prejudice.  The list of permissible purposes provided by Rule 404(b) is not exhaustive.  *Hardy*, 228 F.3d at 750.

To be admissible under Rule 404(b), the other act must also be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Love*, 254 F. App'x 511, 515 (6th Cir.2007) (citing *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).  With regard to the "substantially similar" requirement, the Sixth Circuit has held that "when the prior bad acts evidence is being offered for the purpose of showing intent, it need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *Love*, 254 F. App'x at 515-516; *see also United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994) (where the crime charged is one requiring specific intent, the prosecutor may use Rule 404(b) evidence to prove that the defendant acted with specific intent).  With regard to the "reasonably near in time" requirement, the Sixth Circuit has stated that the "prior conduct must be reasonably near in time under the facts of the particular case." *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985).  However, the court has concluded that there is "no absolute maximum number of years that may separate a prior act and the offense charged." *Id.* Finally, if the evidence meets all prior tests, the court should instruct the jury on the limited purpose for which it is being offered. *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996).  With this legal framework in mind, the Court now turns to the specific arguments and evidence at issue.  Because the proffered evidence varies slightly from witness to witness, the Court will consider the admissibility of each witness' testimony separately.

IV.     Analysis

   A.     Testimony of C.R.

Defendant first objects to any testimony by C.R. which is not based on her personal knowledge. An objection on those grounds, in the absence of a recognized exception to the hearsay rule, will likely be sustained.

Defendant next moves in limine to exclude any testimony by C.R. with regard to what she allegedly witnessed between V.T. and Defendant on or about December 16, 2005 on the grounds that such testimony is "patently unreliable" because such testimony is contrary to what she told the investigating officers immediately after the alleged incident. Defendant's objection on those grounds is overruled and does not provide a basis to exclude such testimony. The fact that C.R. provided jail investigators with one version of her observations on December 16, 2005 which is different from her grand jury testimony does not warrant exclusion under Federal Rule of Evidence 403. Such differences go to the weight of the evidence versus its admissibility. As is often the case with prior inconsistent statements, they are properly elicited to impeach the witness. C.R. will be permitted to testify that on December 16, 2005 she observed the Defendant having sex with V.T.

Simply put, C.R.'s personal observations while at the CCDC are <u>not</u> Rule 404(b) evidence. That would include any testimony about how Defendant may have interacted with female inmates at CCDC while C.R. was incarcerated at that facility. With respect to her proffered testimony that Defendant was a source of cigarettes for the female inmates at CCDC, such testimony is not 404(b) evidence. Rather, such testimony is proper background evidence.

8

With respect to the proffered Rule 404(b) evidence, government counsel represents that while she was incarcerated at CCDC (from July 16, 2004 to September 1, 2006), C.R. personally observed female inmates flash their breasts for Defendant in exchange for cigarettes  So long as she testifies from her personal observations, such testimony would be sufficient to conclude that such acts occurred.  Such acts are admissible pursuant to Rule 404(b) to establish Defendant's pattern, plan, motive, or intent–all permissible purposes under that rule, and are substantially similar and reasonably near in time to the offenses charged.  Moreover, the probative value of that evidence is not substantially outweighed by its potential prejudicial effect.  Defendant's pattern of having other inmates flash their breasts for him in exchange for cigarettes is not so unduly prejudicial to warrant exclusion under Rule 404(b).  If such evidence is offered by the government at trial, the Court will give a cautionary instruction to insure that the jury does not consider that evidence for an improper purpose.

### B. Testimony of M.S.

In its response, the government represents that M.S. was incarcerated at CCDC from November 2004 to January 2005.  Her incarceration at the CCDC preceded the charged conduct in Count 1 by almost one year.[2]  Although her observations of other inmates flashing their breasts for Defendant in exchange for cigarettes were not contemporaneous with the charged conduct in the Indictment, the conduct is well within the

---

[2] During the pretrial conference, government counsel represented that M.S. was a state inmate.  For that reason, part of the proffered 404(b) evidence, that relates to her multiple, consensual sexual encounters with Defendant, was not part of the charged conduct in the Indictment.  Because the evidence will reflect that M.S. consented, and consent is a defense when the inmate is a state, as opposed to a federal inmate, that conduct was not separately charged.

outer limits of the time frames previously upheld by the Sixth Circuit. As was the case with the testimony of C.R., such acts are admissible pursuant to Rule 404(b) to establish Defendant's pattern, plan, motive, or intent, and are substantially similar and reasonably near in time to the offenses charged. Moreover, the probative value of that evidence is not substantially outweighed by its potential prejudicial effect. Defendant's pattern of having other inmates flash their breasts for him in exchange for cigarettes is not so unduly prejudicial to warrant exclusion under Rule 404(b). If such evidence is offered by the government at trial, the Court will give a cautionary instruction to insure that the jury does not consider that evidence for an improper purpose.

The Court also concludes that M.S.'s multiple, consensual sexual encounters with Defendant between November 2004 and January 2005 are properly admissible under Rule 404(b). According to the proffered testimony of M.S., Defendant touched her breasts and buttocks while she was cleaning the jailer's office. She will also testify that she had sex with Defendant on the jailer's desk and many other times in her single cell. According to M.S., this occurred over a two and one-half month period, and as often as two times per week. This conduct is relevant to show Defendant's pattern, motive, plan, or intent. Moreover, the probative value of Defendant's prior, multiple sexual encounters with M.S. is not "substantially outweighed" by the danger of "unfair prejudice."

While the admission of this evidence will be prejudicial to Defendant's case, as is most evidence sought to be admitted during criminal cases, the Court finds that the probative value of such evidence to establish pattern, motive, plan, or intent is not substantially outweighed by the danger of unfair prejudice. The Court will also give a cautionary instruction to insure that the jury does not consider that evidence for an

improper purpose. Thus, any prejudice will be minimized by this cautionary instruction.

### C. Testimony of A.R.

In its response, the government represents that A.R. was incarcerated at CCDC from August 2005 to December 22, 2005. Her incarceration at CCDC overlaps the date of the charge alleged in Count 1 of the Indictment.

The government represents that A.R. will testify that she knew Defendant to be the maintenance man at the jail and that he asked her on multiple occasions (20-30 times) to perform various sexual acts upon him while she was incarcerated at CCDC. She was also asked by Defendant to be a lookout for him while he and M.S.[3] were having sex in one of the cells. Upon consideration of this proffered Rule 404(b) evidence, the Court concludes that these acts are admissible for the purpose of proving a pattern by the Defendant as well as to establish his motive, intent, and plan.

Moreover, the probative value of Defendant's multiple, unwanted sexual advances toward A.R., and the fact that he asked her to be a lookout for him while he was having sex with another inmate is not substantially outweighed by the danger of unfair prejudice. As is the case with the other Rule 404(b) evidence, the Court will also give a cautionary instruction to insure that the jury does not consider that evidence for an improper purpose. Thus, any prejudice will be minimized.

One final matter mentioned during the pretrial conference regarding A.R. deserves brief comment. The Court concludes that the conversation A.R. had with Defendant in August 2009 is not Rule 404(b) evidence. Rather, they are admissions pursuant to Federal

---

[3] Although the grand jury transcript identifies M.S. as Renee, during the pretrial conference the parties agrees that M.S. and Renee are the same person.

Rule of Evidence 801(d)(2). The fact that Defendant asked A.R. about the events which occurred between him and Renee, a/k/a M.S., is an admission against interest. The fact that Defendant may have told A.R. that the events between him and Renee were causing him and his wife trouble is also admissible pursuant to Rule 801(d)(2).

### D. Testimony of J.R.

According to the government, J.R. was incarcerated at CCDC from October 2007 to June 2008, approximately four months after the conduct alleged in Count 2 of the Indictment. From a timing perspective, the proffered 404(b) evidence is well within the time frames deemed acceptable by the Sixth Circuit.

The government indicates that J.R. will testify that she knew Defendant as the maintenance man at CCDC and that female inmates knew they could obtain cigarettes from him in exchange for flashing their breasts for him. According to the government, this occurred in January 2008. These acts are similar in nature and scope to the other acts evidence the Court has already concluded is admissible pursuant to Rule 404(b). The fact that Defendant purportedly asked J.R. to touch him in his private area in exchange for cigarettes and that she did so through his clothing is admissible for the purpose of proving a pattern of the Defendant, and pursuant to Rule 404(b) to establish Defendant's plan, motive, or intent for committing the offenses charged. Her observations that he was touching other female inmates' breasts in exchange for cigarettes is also admissible pursuant to Rule 404(b) for the same reasons.

The probative value of Defendant's actions toward J.R. and her observations of his interactions with other females inmates is not substantially outweighed by the danger of undue prejudice. The Court will also give a cautionary instruction to insure that the jury

does not consider that evidence for an improper purpose. Thus, any prejudice will be minimized.

**V.     Conclusion**

Accordingly, for the reasons stated herein, and for the purpose of proving a pattern of the Defendant, and pursuant to Federal Rule of Evidence 404(b) to establish Defendant's plan, motive, or intent for committing the offenses charged,

**IT IS ORDERED** as follows:

(1) Defendant's Motion in Limine to Exclude Rule 404(b) Evidence (Doc. # 30) be, and is hereby **denied**;

(2) To the extent that some of the evidence qualifies as "other act" evidence pursuant to Federal Rule of Evidence 404(b), the United States will be permitted at trial to introduce the proffered Rule 404(b) evidence set forth herein;

(3) **Not later than September 28, 2010**, the United States shall file a proposed limiting instruction to be given to the jury upon the admission of the Rule 404(b) evidence.

This 25th day of August, 2010.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\AshCrim\2010\10-5 Order denying MIL re 404(b) evidence.wpd

13