IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRIMINAL ACTION NO. 10-05-DLB-1

UNITED STATES OF AMERICA,                                                PLAINTIFF,

V.        **MAGISTRATE JUDGE'S REPORT
          AND RECOMMENDATION**

KEITH HOLLINGSWORTH,                                                     DEFENDANT,

## I.    INTRODUCTION

This matter has been referred to the undersigned for purposes of issuing a report and recommendation regarding Defendant Keith Hollingsworth's Motion to Vacate, Set Aside or Correct Sentence [R. 108]. Having considered the briefs of the parties, and for the reasons set forth within, the Court recommends that Hollingsworth's Motion to Vacate, Set Aside or Correct Sentence be denied.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Keith Hollingsworth was a deputy jailer and maintenance man at the Carter County Detention Center ("CCDC") who was charged, by way of grand jury indictment, with violating 18 U.S.C. § 2243(b), Sexual Abuse of a Ward, by engaging in sexual acts with inmate Vergina Thacker on December 16, 2005. On October 15, 2010, following a three day jury trial, Hollingsworth was convicted. [R. 66]. Following the trial, Hollingsworth timely moved for a new trial, alleging that the verdict was tainted by the

1

erroneously admitted "other bad acts" evidence. [R. 73]. The court denied this motion for a new trial. [R. 87]. Upon conviction, this Court sentenced Hollingsworth to 44 months in prison and three (3) years supervised release. Hollingsworth appealed to the Sixth Circuit Court of Appeals. [R. 90]. On April 2, 2012, the Sixth Circuit of Appeals affirmed, holding that admitting 404(b) evidence was harmless error because the bad acts testimony likely did not sway the jury given the weight of the other testimony. [R. 105].

On September 6, 2012, Hollingsworth, by and through counsel filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [R. 108]. In his motion, Hollingsworth claims he was denied a fair trial when the prosecution failed to disclose all favorable evidence to him. Specifically, Hollingsworth states he became aware of new evidence during depositions to a now settled civil action, stylized *Elkins v. Binion, et al.*, No. 10-00028-DLB (E.D. Ky. March 23, 2010). Hollingsworth claims that in the course of a deposition John Perrine, a United States Marshal for the Southern District of West Virginia, stated that he sent Wade Hepburn, another U.S. Marshal, to investigate Vergina Thacker's allegations of sexual assault very soon after they occurred in 2005, and that Hepburn subsequently prepared a report on the matter. [R. 108-1]. Hollingsworth is moving to vacate his convictions because the Hepburn report was never produced in discovery and Hepburn's investigation was never mentioned by the prosecution prior to or during his criminal trial.

In response to Hollingsworth's motion to vacate, the Government asked that the matter be dismissed based upon the fact that Hollingsworth has failed to demonstrate that the United States ever had such a report in its actual or constructive possession, or even that such a report exists, and so cannot demonstrate that the United States suppressed

2

such evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). [R. 110]. For reasons which will be more fully discussed in the following, the undersigned will recommend that Hollingsworth's § 2255 motion [R. 108] be DENIED and the matter be dismissed.

### III. ANALYSIS

To prevail under 28 U.S.C. § 2255, a federal prisoner "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire process invalid" Pough v. U.S., 442 F.3d 959, 964 (6th Cir. 2006) (quoting Mallet v. U.S., 334 F.3d 491, 497 (6th Cir. 2003)). In this case, Hollingsworth is arguing that there was an error of constitutional magnitude, specifically, that his constitutional rights were violated when the prosecution failed to disclose all favorable evidence to him. Pursuant to the rule enunciated in Brady, a defendant's due process rights are violated if the government suppresses favorable evidence where the evidence is material to guilt or punishment, irrespective to the good or bad faith of the prosecution. Brady, 373 U.S. at 87.

In United States v. Agurs, 427 U.S. 97, the Court enumerated three situations in which a Brady claim may arise. Kyles v. Whitley, 514 U.S. 419, 433 (1995). "[1] Where previously undisclosed evidence revealed that the prosecution introduced trial testimony that it knew or should have known was perjured; [2] where the government failed to accede to a defense request for disclosure of some specific kind of exculpatory evidence; and [3] where the Government failed to volunteer exculpatory evidence never requested,

3

or requested in a general way." Id. In this case, Hollingsworth is arguing a violation of the third type, the prosecution failed to volunteer evidence not requested by the defense. Hollingsworth contends that the Hepburn report should have been volunteered by the prosecution. In order to succeed in this claim, it is Hollingsworth's burden to show that: "[1] [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, willfully or inadvertently; and [3] prejudice must have ensued." United States v. Douglas, 634 F.3d 852, 860 (6th Cir. 2011). Hollingsworth has trouble meeting the suppression prong of this analysis. The sexual acts between Vergina Thacker and Hollingsworth which led to his conviction took place in 2005. Thacker made initial complaints about Hollingsworth's actions in December of 2005; the Carter County jail investigators did not believe the complaint to be credible so they did no further investigation. A thorough investigation was not launched until 2008, when additional, similar complaints about Hollingsworth were made by other prisoners. It was at this time that U.S. marshal John Perrine sent deputy U.S. marshal Wade Hepburn to the jail to investigate the complaints.

In his motion, Hollingsworth claims that Perrine's testimony in a deposition for a later civil suit shows that Hepburn undertook a previous undisclosed investigation of Thacker's complaint in 2005 and even prepared a report on his findings. [R. 108]. The existence of this undisclosed report forms the basis of Hollingsworth's claim of a Brady violation. The problem is that there is no evidence to show that the report did in fact exist, and there is no proof the prosecution was ever in actual or constructive possession of it. In fact, Wade Hepburn, in his own deposition for the civil case, could not recall if

4

he traveled to the jail to investigate the incident in December of 2005 nor did he believe that he ever made a report on the investigation. Furthermore, even Perrine's deposition, which is the basis for this motion, does not support the idea of the Hepburn report's existence. Perrine did mention that he remembered Hepburn conducting an investigation in 2005, but he conceded that he did not have a report, could not find a report, and was unwilling to state for the record that he believed that Hepburn wrote a report.

Hollingsworth correctly asserts that "the prosecutor is also charged with discovering and disclosing evidence favorable to the accused which may be known to those investigating the case for the government." Kyles, 514 U.S. at 438. However, the prosecution does not have a duty to disclose what does not exist. In this instance, Hollingsworth has not shown that the Hepburn report exists or ever existed. The only proof of its existence is the fleeting reference to it by John Perrine in a deposition in a civil case. This alleged Hepburn report was never even presented as evidence in that case.

While Hollingsworth correctly applies the holdings of several *Brady* related cases, he simply cannot get over the initial hurdle of showing that the evidence at issue existed. In all of the cases cited by Hollingsworth, the existence of the new evidence was never at issue. In Kyles, the evidence included "(1) contemporaneous eyewitness statements taken by the police following the murder; (2) various statements made to the police by an informant… who was never called to testify; and (3) a computer printout of license numbers of cars parked at the crime scene on the night of the murder…" Kyles, 514 U.S. at 419. In U.S. v. Bagley the evidence at issue was that the defense was never made aware of the fact that the prosecution's two key witnesses were paid $300 for their

5

testimony at trial. U.S. v. Bagley, 473 U.S. 667, 672 (1985). Finally in Brady, at issue was the failure of the prosecution to deliver to the defense an out of court statement by the plaintiff's companion admitting that he was the one who committed the homicide. Brady, 373 U.S. at 84. The main difference between the suppressed evidence in those three cases and the situation here is that all of those pieces of evidence were tangible and were producible to the defense. Here, it is impossible to say if the Hepburn report actually exists.

  Even if Hollingsworth could prove that the Hepburn report does exist he would still have to show that this new evidence is material in order to have a successful Brady claim. The Supreme Court has held, for the purposes of a Brady violation, "evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable' probability is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682. The Hepburn report does not meet this materiality threshold. Without knowing the contents of the Hepburn report it is impossible to determine if there is a 'reasonable probability' that the result of the trial would have been different. As previously mentioned, the evidence at issue in Bagley was that the defense was never made aware that two key witnesses were each paid $300 in exchange for their testimony. Id., at 672. It can be seen how the Court determined that this evidence was material, hearing this information could have had a substantial impact on the jury by discrediting the witness' statements. In the current situation we do not know what the Hepburn report entails so it would be impossible to determine whether it would have a similar effect on a jury by discrediting the testimony of Vergina Thacker or other witnesses. Hollingsworth

argues that it can be presumed that the Hepburn report would be favorable to the defense because nothing further came of these events for three years, and therefore Hepburn must have found the claims to be improbable when he investigated in 2005. However, it would be incorrect to base a finding of materiality on a presumption alone. Without knowing the exact contents of the evidence at issue it would be improper to make a determination as to whether or not the outcome of the trial would have been different. Also, the fact that the case was not further pursued following Hepburn's visit to the CCDC in 2005 goes to the idea that the information found in report is not material. Because Hepburn, at the time of his visit, seems to have agreed with the CCDC personnel that there was not enough evidence to pursue the matter any further means it is likely that the CCDC report would be cumulative of the information found in the Hepburn report. Therefore, it is unlikely the Hepburn report would contain any new evidence, which, in turn, means there would be no suppressed evidence not turned over to the defense prior to the trial.

## IV.     CONCLUSION

For the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside or Correct Sentence [R. 108] be DENIED and the matter dismissed.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001).

General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004).

Signed April 5, 2013.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge