**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 10-5-DLB-EBA**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**vs.**                              **ORDER ADOPTING
                              REPORT & RECOMMENDATION**

**KEITH HOLLINGSWORTH**                                                              **DEFENDANT**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## I.  INTRODUCTION

This matter is presently before the Court upon the Magistrate Judge's Report and Recommendation ("R&R) (Doc. # 115), wherein he recommends that Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 108) be denied.  Defendant has filed Objections to the R&R (Doc. # 116), and the United States has filed a response to the Objections (Doc. # 118).  In addressing Defendant's objections, the Court reviews the Magistrate Judge's factual findings for clear error and reviews his legal conclusions *de novo.  United States v. Evans*, 581 F.3d 333, 338 n.4 (6th Cir. 2009).  The R&R and the Objections thereto are now ripe for the Court's review.  Upon review, Defendant's Objections lack merit and will be **overruled**, and the R&R will be **adopted** as the Court's opinion.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background to this case was succinctly summarized by the Magistrate Judge in his R&R, and the Court restates here in full:

> Keith Hollingsworth was a deputy jailer and maintenance man at the Carter County Detention Center ("CCDC") who was charged, by way of grand jury indictment, with violating 18 U.S.C. § 2243(b), Sexual Abuse of a Ward, by engaging in sexual acts with inmate Vergina Thacker on December 16, 2005. On October 15, 2010, following a three day jury trial, Hollingsworth was convicted. [R. 66]. Following the trial, Hollingsworth timely moved for a new trial, alleging that the verdict was tainted by the erroneously admitted "other bad acts" evidence. [R. 73]. The court denied this motion for a new trial. [R. 87]. Upon conviction, this Court sentenced Hollingsworth to 44 months in prison and three (3) years supervised release. Hollingsworth appealed to the Sixth Circuit Court of Appeals. [R. 90]. On April 2, 2012, the Sixth Circuit of Appeals affirmed, holding that admitting 404(b) evidence was harmless error because the bad acts testimony likely did not sway the jury given the weight of the other testimony. [R. 105].
>
> On September 6, 2012, Hollingsworth, by and through counsel filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [R. 108]. In his motion, Hollingsworth claims he was denied a fair trial when the prosecution failed to disclose all favorable evidence to him. Specifically, Hollingsworth states he became aware of new evidence during depositions to a now settled civil action, stylized *Elkins v. Binion*, et al., No. 10-00028-DLB (E.D. Ky. March 23, 2010). Hollingsworth claims that in the course of a deposition John Perrine, a United States Marshal for the Southern District of West Virginia, stated that he sent Wade Hepburn, another U.S. Marshal, to investigate Vergina Thacker's allegations of sexual assault very soon after they occurred in 2005, and that Hepburn subsequently prepared a report on the matter. [R. 108-1]. Hollingsworth is moving to vacate his convictions because the Hepburn report was never produced in discovery and Hepburn's investigation was never mentioned by the prosecution prior to or during his criminal trial.
>
> In response to Hollingsworth's motion to vacate, the Government asked that the matter be dismissed based upon the fact that Hollingsworth has failed to demonstrate that the United States ever had such a report in its actual or constructive possession, or even that such a report exists, and so cannot demonstrate that the United States suppressed such evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). [R. 110].

(Doc. # 115, at 1-3).

### III.   ANALYSIS

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), Hollingsworth must show that: "(1) [t]he evidence at issue [is] favorable to the accused, either because

2

it is exculpatory, or because it is impeaching; (2) that evidence [was] suppressed by the State, willfully or inadvertently; and (3) prejudice . . . ensued." *United States v. Douglas*, 634 F.3d 852, 860 (6th Cir. 2011). The Magistrate Judge found that under the second prong, Hollingsworth could not demonstrate that the Government suppressed the Hepburn Report because he could not establish that the Report ever existed, or that the Government ever possessed it.

Hollingsworth offers three objections. First, he argues that the Hepburn Report does exist, and that the Magistrate Judge was factually incorrect in finding to the contrary. He cites deposition testimony given in *Elkins* by Hepburn and Perrine, as well as that given by Sheila Binion, the wife of the Carter County Jailer, and by Gary Elkins, a former CCDC employee. However, Hollingsworth presented the same deposition testimony to the Magistrate Judge, and the Magistrate Judge found it insufficient to establish the Hepburn Report's existence.

Hollingsworth argues that the Government "conceded that 'Hollingsworth can show . . . that at one point a Hepburn [R]eport existed.'" (Doc. # 116, at 1-2 (quoting Doc. # 110, at 5)). However, Hollingsworth misquotes the Government. The Government did not concede that the Report exists. In fact, the Government stated "*[i]n the most favorable light for Hollingsworth*, all that Hollingsworth can show is that *it is possible* that *at one point* a Hepburn report existed." (Doc. # 110, at 5) (emphasis added). Moreover, the Government went on to state in the very next line that "[n]othing Hollingsworth has presented shows . . . that the United States ever had or should have had possession of a 'Hepburn report', or even have reason to know it existed." (*Id.* at 6).

3

The Court finds that the Magistrate Judge fully and adequately considered the deposition testimony, and the Court agrees with his finding regarding the insufficiency of that testimony. Therefore, because Hollingsworth has not established that the Government suppressed the Hepburn Report, his objection is overruled.

Second, Hollingsworth asserts that the "conclusions from Hepburn's investigation are favorable to the Defendant and constitute material impeachment evidence." (Doc. # 116, at 2). Because the Court has already found there to be insufficient evidence of the Report's existence, there is no way for the Court to know the Report's contents. Accordingly, this objection is overruled.

Third, Hollingsworth argues that the Magistrate Judge failed to address the Prosecution's alleged failure to prove it discharged its duty under *Brady* to discover and disclose the Hepburn Report. On the contrary, however, the Magistrate Judge stated that "the prosecution does not have a duty to disclose what does not exist." (Doc. # 115, at 5). This objection is thus overruled as well.

## IV.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)     Defendant's Objections to the Report and Recommendation (Doc. # 116) are hereby **OVERRULED**;

(2)     The Magistrate Judge's Report and Recommendation (Doc. # 115) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3)     Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 108) is hereby **DENIED**; and

  (4) For the reasons set forth herein, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

  This 9th day of July, 2013.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Ashland Criminal\2010\10-5 Order adopting R&R.wpd